NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADNAN ANJUM KHAN,<br><br>Petitioner,<br><br>v.<br><br>RAUL LOPEZ, Warden,<br><br>Respondent. | No. C 10-03949 JF (PR)<br><br>ORDER GRANTING MOTION FOR STAY; INSTRUCTIONS TO CLERK<br><br><br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 1, 2010, Petitioner filed a motion for a stay of the matter so he can return to state court to exhaust unexhausted claims. (Docket No. 2)

**BACKGROUND**

Petitioner was found guilty by a jury in Contra Costa County Superior Court of murder and robbery. Petitioner was sentenced to twenty-five years-to-life in state prison on December 15, 2006. Petitioner appealed the conviction, which was affirmed by the higher courts in 2009. (Pet. at 3.) The instant federal habeas petition was filed on September 2, 2010.

**DISCUSSION**

A.  Motion for Stay

Petitioner alleges the following claims for federal habeas relief: (1) denial of his right to present a defense; (2) trial court erred in giving prejudicial jury instructions; (3) his sentence is excessive and violates the Eighth Amendment; and (4) ineffective assistance by trial and appellate counsel.  Petitioner admits in his motion to stay that he has filed a mixed petition, *i.e.*, a petition containing both exhausted and unexhausted claims.  (Mot. at 1.) Specifically, Petitioner asserts that his ineffective assistance of counsel and due process claims were not exhausted for good cause and that these claims are potentially meritorious. (Id.)  Petitioner requests that the instant petition be stayed while he returns to state court to exhaust the unexhausted claims.  (Id.)

District courts have the authority to issue stays and AEDPA does not deprive them of that authority.  Rhines v. Webber,  544 U.S. 269, 277-78 (2005).  The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  Id.  Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious.  Id.  Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back."  Id. at 278.  Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Here, Petitioner's proposed claims are cognizable under § 2254 and are potentially meritorious.  Furthermore, Petitioner appears to show good cause for his failure to exhaust

2

these claims in state court based upon his allegations of ineffective assistance of counsel and his counsel's failure to raise these claims in his direct appeal proceedings. Accordingly, Petitioner's motion to stay the instant petition, (Docket No. 2), is GRANTED. This action is hereby STAYED **until thirty (30) days** after the California Supreme Court's final decision on Petitioner's claims.

## CONCLUSION

1. Petitioner's application to stay the petition (Docket No. 2) is GRANTED, and the above-titled action is hereby STAYED until thirty (30) days after the state supreme court's final decision on Petitioner's claims of ineffective assistance of counsel and due process.

2. If Petitioner intends to have this Court consider all the claims presented in the instant petition, he must properly present these claims to the Supreme Court of California, if he has not already done so, **within thirty (30) days** of the date this order is filed, and if he has not obtained relief in state court, thereafter notify the Court **within thirty (30) days** of the California Supreme Court's decision, by filing a motion to reopen this action. Petitioner must file an AMENDED PETITION at the same time as the motion to reopen this action, stating all the exhausted claims which he wishes to pursue in the instant action. The amended petition must include the caption and civil case number used in this order, No. C 10-03949 JF (PR), and must include the words AMENDED PETITION on the first page.

3. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

IT IS SO ORDERED.

DATED: 10/8/10

JEREMY FOGEL
United States District Judge

Order Granting Motion for Stay; Inst. To Clerk
P:\PRO-SE\SJ.JF\HC.10\Khan03949_grant-stay.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ADNAN A. KHAN,

        Petitioner,

v.

RAUL LOPEZ, Warden,

        Respondent.
                                        /

Case Number: CV10-03949 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/14/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Adnan Anjum Khan F-55145
CA State Prison-Corcoran I
P.O. Box 3461
3A05-247L
Corcoran, CA 93212

Dated: 10/14/10

                                                        Richard W. Wieking, Clerk